IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * *

IN THE MATTER OF THE
ESTABLISHMENT INSPECTION OF:

    NISSAN NORTH AMERICA, INC.,         CASE NO. 3:16-MC-00692-HTW-LRA

    CANTON, MISSISSIPI FACILITY
    LOCATED AT 300 NISSAN DRIVE
    CANTON, MISSISSIPPI 39046

* * * * * * * * * * * * * * * * * * * * * * * * * *

## GOVERNMENT'S RESPONSE TO NISSAN NORTH AMERICA, INC.'S MOTION TO PARTIALLY QUASH INSPECTION WARRANT

COMES NOW the United States of America, on behalf of the Secretary of Labor and his duly-authorized representative, and respectfully files this response. In this response, the United States presents its responsive argument that its Warrant for Inspection under the Occupational Safety and Health Act of 1970 (the "OSH Act") to inspect the premises of the Nissan North America Facility worksite located at 300 Nissan Drive, Canton, Mississippi 39046 ("Nissan") was based upon valid administrative probable cause and that the inspection should be allowed to continue forthwith with the participation of a representative from the Nissan Workers Organizing Committee ("NWOC"). Without citation to legal authority, Nissan urges this Court to quash the Warrant on three grounds: 1) the NWOC employee representatives must be authorized union representatives under the National Labor Relations Act in order to be present for an OSHA inspection; 2) Permitting a non-unionized employee representative in an OSHA inspection violates the Administrative Procedure Act; and 3) OSHA did not give notice to Nissan that it intended to seek an inspection warrant. As explained fully below, each of these arguments is

baseless and does not undercut the applicable probable cause necessary to support enforcement of the Warrant.

## BACKGROUND

On March 4, 2016, the OSHA Jackson Area Office received a petition from the Nissan Workers Organizing Committee (hereinafter "NWOC"). The NWOC petition contains the signatures of 41 workers on site at the Nissan facility in Canton, Mississippi. The petition lists three employees whom the workers "want to have as [their] own representative to go with the company representative and the OSHA inspector during any inspections in the plant, according to OSHA rule 1903.8." James R. Oglesby, a duly-authorized OSHA Compliance Safety and Health Officer ("CSHO") conducted an inspection relating to a complaint at the worksite in March 2016. CSHO Oglesby requested the presence of the representatives from the Nissan Workers Organizing Committee as listed in the NWOC petition. Nissan agreed to allow Patricia Ruffin, one of the aforementioned representatives, to participate in the opening conference, the inspection, and the closing conference without incident. The case was subsequently closed.

On August 1, 2016, Nissan reported to the OSHA Jackson Area Office that an employee from maintenance had suffered the amputation of three fingers while reaching underneath a conveyor on July 31, 2016. CSHO Oglesby initiated an inspection and investigation on August 8, 2016, at Nissan's Canton worksite. As part of the opening conference, CSHO Oglesby stated to Nissan's safety manager, Mr. Viswanathan, that he needed appointed employee representatives Patricia Ruffin or Joseph Wilson for the inspection. Nissan's safety manager then asked why Ms. Ruffin or Mr. Wilson needed to be present. CSHO Oglesby explained that OSHA had received a petition from NWOC requesting Ms. Ruffin or Mr. Wilson's participation in OSHA inspections as employee representatives. Mr. Viswanathan informed CSHO Oglesby that the employees he

requested to interview were not currently on site, and Mr. Viswanathan stated he would call CSHO Oglesby when he knew the requested employees' schedules.

Two days later, on August 10, 2016, Nissan's attorney Mark Jicka called CSHO Oglesby and represented that Nissan does not recognize Patricia Ruffin and Joseph Wilson as employee representatives. Mr. Jicka represented that Nissan would permit OSHA to conduct inspection, but would not allow Ms. Ruffin or Mr. Wilson to be involved with the inspection. Mr. Jicka stated that Nissan would only allow a member of the company's safety committee to accompany the inspector rather than Ms. Ruffin or Mr. Wilson. CSHO Oglesby did not make any representation that "the only reason he was requesting the participation of Ms. Ruffin and Mr. Wilson is that they are UAW labor organizers and that they have selected themselves to represent employees during OSHA safety inspections." Respondent's Memorandum of Law in Support of Nissan's Motion to Partially Quash Inspection Warrant, attached here as **Exhibit 1**, p. 1. CSHO Oglesby simply explained his supervisor Mr. Stewart instructed him to include them as employee representatives. *See* Docket No. 1-C, Affidavit of James Oglesby. Mr. Stewart instructed him to do so because he received a petition from workers at Nissan listing three employees whom *the workers* chose to have as their representatives to accompany an OSHA inspector during any inspections in the plant. *See* Docket No. 1-A, Affidavit of Eugene Stewart.

On the evening of Monday, August 22, 2016, the OSHA Jackson Area office received a complaint alleging an unrelated health hazard at the worksite. The complaint alleged that Nissan is over-exposing its employees to formaldehyde in the paint department and around the conveyors, including the light commercial vehicle oven area of the facility. Area Director Eugene Stewart called Mr. Jicka on August 23, 2016 and notified Mr. Jicka that OSHA received a second complaint and was planning to investigate the complaint and open a health inspection. Mr. Stewart informed Mr. Jicka that the Compliance Officer would need employee

3

representative Patricia Ruffin or Joseph Wilson for this inspection as well. On August 24, 2016, Mr. Jicka responded to Mr. Stewart and said that Nissan would not permit OSHA entry to begin the inspection of the employee complaint with participation of an employee representative.

On September 1, 2016, this Court issued an inspection warrant to Compliance Officers of the Occupational Safety and Health Administration ("OSHA") for inspections of the Nissan North America, Inc., worksite located at 300 Nissan Drive, Canton, Mississippi 39046. The Court issued the inspection warrant pursuant to Section 8 of the Occupational Safety and Health Act of 1970 (the "Act" or "OSH Act"), 29 U.S.C. § 651 *et seq.*, and regulations issued pursuant thereto at 29 C.F.R. §§ 1903.3, 1903.4, 1903.7, and 1903.8. Among other things, the warrant specifically permits OSHA to conduct its inspections "accompanied by an authorized employee representative of the Nissan Workers Organizing Committee."

On September 2, 2016, CSHO Ogelsby and CSHO Ed Taylor returned to the Nissan worksite to present the warrant. Nissan's representatives stated that they would not permit OSHA to enter the premises and start the inspections, and that Nissan planned to file a motion to quash the warrant.

LEGAL ARGUMENT

The Secretary of Labor (the "Secretary") is authorized by Section 8 of the Act to conduct health and safety inspections of workplaces within the Act's jurisdiction. 29 U.S.C. § 657. In *Marshall v. Barlow's Inc.*, 436 U.S. 307 (1978), the Supreme Court held that the warrant requirement of the Fourth Amendment is applicable to nonconsensual OSHA inspections and that OSHA inspection warrants shall be issued only upon "administrative probable cause."[1] In *Barlow's*, the Supreme Court explained that probable cause in the criminal law sense is not

---

[1] The OSH Act provisions relating to inspections, 29 U.S.C. § 657 (a), however, impose no specific requirement that an OSHA compliance officer need first obtain a warrant to initiate an investigation. Only if an employer does not consent to inspection would a warrant, subject to the Fourth Amendment, be required.

4

required and enunciated two alternative methods by which the less stringent standard of administrative probable cause could be established: (1) if specific evidence of an existing violation was presented, or (2) if a showing was made that reasonable legislative or administrative standards for conducting such an inspection were satisfied. *Barlow's*, 436 U.S. at 320-21 (citing *Camara v. Municipal Court*, 387 U.S. 523, 538 (1967)).

Section 8 of the Act provides for the right of entry of not only OSHA, but also of *private parties*. 29 U.S.C. § 657(a),(e). The OSH Act's implementing regulations provide, "upon a refusal to permit . . . a representative of employees to accompany the Compliance Safety and Health Officer during the physical inspection of any workplace in accordance with § 1903.8 . . . [the Secretary] shall take appropriate action, including compulsory process if necessary." 29 C.F.R. § 1903.4(a). "For purposes of [Section 1903.4], the term compulsory process shall mean the institution of any appropriate action, including ex parte application for an inspection warrant or its equivalent. Ex parte inspection warrants shall be the preferred form of compulsory process in all circumstances where compulsory process is relied upon to seek entry to a workplace under this section." 29 C.F.R. § 1903.4(d). [2]

Section 8(e) of the OSH Act requires that, subject to regulations issued by the Secretary of Labor (the "Secretary"), an employee representative must be afforded an opportunity to accompany OSHA's inspector during a physical inspection of any workplace. 29 U.S.C. § 657(e). Consistent with this enforcement scheme, the Secretary has issued regulations governing the conduct of inspections and establishing requirements for participation by an employee representative in an inspection. *See* 29 C.F.R. § 1903.8 (providing *inter alia* that "a representative authorized by his employees shall be given an opportunity to accompany the

---

[2] The complete FOM is available online at https://www.osha.gov/OshDoc/Directive_pdf/CPL_02-00-159.pdf

5

Compliance Safety and Health Officer during the physical inspection of any workplace for the purpose of aiding such inspection."). Thus, both the Act's text and implementing regulations permit an employee representative to accompany OSHA officers on inspections. *See Caterpillar*, 55 F.3d at 337-38.

Additionally, the Secretary has developed OSHA Directive CPL 02-00-159, Field Operation's Manual ("FOM"), an internal handbook designed to ensure the efficient use of his resources. The FOM defines an employee representative to include any "person acting in a bona fide representative capacity, including, but not limited to, members of the clergy, social workers, spouses and other family members, and government officials or nonprofit groups and organizations acting upon specific complaints and injuries from individuals who are employees." (*See* Docket No. 1-D, FOM Chp. 9, Section I at A.7, p. 9-2 ) (emphasis added). Finally, the FOM provides, "[i]f an employer resists or interferes with participation by employee representatives in an inspection and the interference cannot be resolved by the CSHO, the resistance shall be construed as a refusal to permit the inspection . . ." (*See* Docket No. 1-D, FOM Chp. 3, Section IV at D.2, pp. 3-6 through 3-7). The FOM specifically provides for obtaining compulsory process, *i.e.* a warrant, where an employer has refused OSHA entry to a workplace. (*See* Docket No. 1-D FOM, Chp. 15, Section III, pp. 15-4 through 15-7).

    **I.**    **The OSH Act *requires* that an employee representative be afforded an opportunity to accompany OSHA's Compliance Officer during a physical inspection of any workplace.**

The provisions in Section 8(e) of the OSH Act are mandatory requirements that the Secretary must follow as an administrator of the law. *Chicago Bridge & Iron Co. v. Occupational Safety & Health Review Comm'n*, 535 F.2d 371, 375 (7th Cir. 1976) (citing *Madden v. Int'l Hod Carriers*, 277 F.2d 688 (7th Cir. 1960) and *Madden v. Int'l Organization*,

259 F.2d 297 (7th Cir. 1958)) (noting under the principles of administrative law "an administrator must follow the rules promulgated pursuant to the authority of the statute he is charged with enforcing."). In *Chicago Bridge & Iron Co*, the Seventh Circuit addressed the issue of whether OSHA citations should be vacated when an OSHA compliance officer failed to meet with employer and employee representatives and provide an opportunity for these representatives to accompany him on a walkaround inspection prior to issuing citations. 535 F.2d 371. The Court held that although OSHA had substantially complied with Section 8(e) enough to support the citations OSHA issued in the case, OSHA had committed procedural violations of the Act in not permitting walkaround rights to the employer and employee representative. *Id.* at 377.

Here, the Secretary would be committing a procedural violation of the OSH Act should he conduct the inspections at issue without permitting both an employer and employee representative to meet with the CSHOs and accompany them on the walkaround inspections. In cases such as this, where there is a dispute as to who is the employee representative, the OSH Act and the accompany regulations vest OSHA with the authority to resolve disputes in order to proceed with inspection procedures as necessary to comply with the Agency's mandate to enforce the law. 29 U.S.C. § 657(a),(e); 29 C.F.R. § 1903.8.

**II.    Circuit Courts have affirmed that 29 C.F.R. § 1903.8(b) gives OSHA, and not the employer, the authority to resolve disputes as to who qualifies as a employee representative.**

The regulation gives OSHA, and not the employer, the authority to resolve disputes as to who qualifies as the authorized employee representative. Section 1903.8 of the relevant regulation provides as follows:

> (a) Compliance Safety and Health Officers shall be in charge of inspections and questioning of persons. A representative of the employer and a representative

7

> authorized by his employees shall be given an opportunity to accompany the Compliance Safety and Health Officer during the physical inspection of any workplace for the purpose of aiding such inspection. A Compliance Safety and Health Officer may permit additional employer representatives and additional representatives authorized by employees to accompany him where he determines that such additional representatives will further aid the inspection. A different employer and employee representative may accompany the Compliance Safety and Health Officer during each different phase of the inspection if this will not interfere with the conduct of the inspection.
>
> (b) *Compliance Safety and Health Officers shall have the authority to resolve all disputes as to who is the representative authorized by the employer and employees for the purpose of this section*. If there is no authorized representative of employees, or if the Compliance and Safety Health Officer is unable to determine with reasonable certainty who is such representative, he shall consult with a reasonable number of employees concerning matters of safety and health in the workplace.

29 C.F.R. § 1903.8 (emphasis added).

In Re *Establishment Inspection of Caterpillar Inc.,* the Seventh Circuit addressed the question of whether OSHA had the authority to determine that a striking employee could be an authorized employee representative. 55 F.3d 334 (7th Cir. 1995). The Court found that the authority vested in OSHA by the OSH Act and the accompanying regulations "gives OSHA control over inspections." *Id.* at 337. The Court also noted that labor disputes "should not affect inspection procedures," as the OSHA regulations specifically provide OSHA with the authority to prevent interference in the inspection, countering the employer's "fear of abuses by employee representatives." *Id.* The Court upheld the district court's determination to deny the employer's motion to quash the warrant. The Supreme Court of Iowa addressed this same issue, and also determined that a state OSHA inspector had the authority to determine that an employee representative who was a part of a striking union was an authorized employee representative. *In re Inspection of Titan Tire*, 637 N.W.2d 115, 130 (Iowa 2001) (citing the Iowa code citation that parallels OSHA's regulation at Section 1903.8(b)).

In this matter, OSHA relied on information from the employees and the employer in determining that Patricia Ruffin and Joseph Wilson are authorized employee representatives for the inspections at issue. Just four months prior to CSHO Ogelsby's initial attempt to conduct the inspection, in March 2016, OSHA received a petition from employees at the facility indicating these two current employees were their employee representatives "for any OSHA inspection." *See* Docket No. 1-B, NWOC Petition. Nissan agreed that these were the authorized employee representatives in March 2016 by consenting to Ms. Ruffin's presence during the opening conference, walkaround, and closing conference when CSHO Ogelsby conducted an inspection. *See* Docket No. 1-C, Affidavit of James Oglesby. Nissan is correct in that OSHA does not involve itself in labor disputes. Should OSHA change its determination of who the employee representative is in every inspection in which there is an irrelevant ongoing labor dispute, OSHA would be involving itself in a labor dispute and improperly determining who is an authorized employee representative.

Nissan mistakenly argues that this regulation provides "unbridled and completely undefined discretion" to the Agency under the standard the Supreme Court structured for administrative probable cause in *Marshall v. Barlow's* 436 U.S. 307 (1978). *See*, supra p.4. In *Barlow's* the Supreme Court determined that should OSHA have authority to conduct warrantless searches, this would be "unbridled discretion." *Id.* at 323. OSHA is not seeking to do so in these inspections. Rather, OSHA is carrying out the legislative mandate given to the Secretary to conduct inspections of reported accidents and employee complaints, and do so with a representative authorized by the employer and a representative authorized by the employees. In this matter OSHA determined that the chosen employee representatives would aid in the inspections in providing the CSHO direction as to which employees to interview, providing

9

information from different departments, and providing assurance to other employees that they could confidentially speak to the CSHO. OSHA also noted that many employees who signed the NWOC petition work in the same department from which OSHA received the August 22, 2016 complaint that initiated the second inspection in the warrant, the painting and light commercial vehicle oven area of the facility. To the extent that Nissan should be concerned with any effect that an ongoing labor dispute will have during the inspections, the applicable regulation also authorizes CSHOs "to deny the right of accompaniment under this section to any person whose conduct interferes with a fair and orderly inspection." 29 C.F.R. 1908(c).

> III. **The National Labor Relations Act is not Relevant to determining who is an authorized employee representative under the OSH Act in a non-unionized facility.**

Without citation to relevant law or authority, Nissan argues that the OSH Act does not recognize employee representatives unless those employees are part of a collective bargaining agreement certified by the National Labor Relations Board. The plain language of the statute and the applicable regulation do not exclude all employees who work at a non-unionized company from having an employee representative for purposes of aiding in a walkaround inspection. *See* 29 C.F.R. 1903.8(b) "A representative of the employer and a representative authorized by his employees shall be given an opportunity to accompany the Compliance Safety and Health Officer during the physical inspection of *any* workplace for the purpose of aiding such inspection." (emphasis added). Nor does the OSH Act require OSHA to take timely and irrelevant measures to determine how many employees requested a specific employee representative, or whether the employees exposed to an alleged hazard in a complaint or accident report are in agreement with the chosen employee representative. Nothing in the statute

contemplates employees will "elect" a representative by a certain percentage of agreement. To require so would needlessly impede on the resources of OSHA and the rights of employers and employees to choose their own representative. Further, the FOM provides specific procedures to allow for multiple employee representatives to participate in an inspection for different phases of the inspection should employees chose different representatives. *See* FOM, Chp. 3, Section VII, p.3-13. Here, the only representatives that the employees have identified to OSHA are those in the NWOC petition.

Nissan further undermines its own argument by citing to two sections of the FOM that provide specific procedures for CSHOs both in cases where there is a certified bargaining unit, *and* where there is *not* a certified bargaining unit at the facility. FOM, Chp. 3, Section VII, p. 3-13. The cited section of the FOM provides that

> Where employees are not represented by an authorized representative, there is no established safety committee, or employees have not chosen or agreed to an employee representative for OSHA inspection purposes (regardless of the existence of a safety committee), CSHOs shall determine if other employees would suitably represent the interests of employees on the walkaround.

Here, the employees have chosen representatives for OSHA inspection purposes, and therefore OSHA need not and should not determine if other employees, such as those suggested by the employer, would be represent their interests.

**IV. Whether OSHA may permit a union representative to act as an employee representative in a non-unionized facility is not an issue in this matter, as this facility is not unionized and both employee representatives are current employees.**

Nissan disputes an irrelevant portion of the Letter of Interpretation that OSHA cited in its warrant application to seek to undermine the plain language in the OSH Act and accompanying regulations. Nissan points to the answer to "Question #1" in this letter, which addresses whether employees at a facility without a collective bargaining unit may choose an employee

11

representative who is affiliated with a union. *See* Docket No. 1-E, Sallman Letter. Although the letter correctly answers in the affirmative, the court need not reach this issue in this matter, as the employees have chosen two current coworkers as their representative, and not outside representatives from a union. Nissan cites to testimony from a shareholder at the law firm of Littler Mendelson during a House Subcomittee Meeting for the assertion that "Prior to 2013, OSHA consistently interpreted its regulations as allowing a safety inspector to be accompanied by a labor union only where such a union has been certified or recognized as representing the employees of an employer." *See* Exhibit 1, p. 7. Not only is this not an authoritative source for OSHA policy, but it also addresses a question that is not at issue in this case: whether a union may participate in a walkaround inspection at a non-unionized facility.

OSHA received a petition from workers at the Nissan facility requesting that two-current employees at the facility act as their employee representative. As acknowledged by Nissan, the Nissan Workers Organizing Committee is not a labor union recognized by the National Labor Relations Board. *See* Exhibit 1, p. 1-2, and Letter from Mark Jicka to Eugene Stewart, Exhibit B to Nissan's Motion to Partially Quash Inspection Warrant, attached here as **Exhibit 2**. Therefore, this issue is irrelevant. To establish a precedent that an employer may choose the employee representatives for an OSHA inspection every time there is a potential labor dispute would undermine the plain language of the OSH Act.

**V.    OSHA is not Required to Give Notice Before Seeking an Inspection Warrant**

Nissan's argument that OSHA should have consulted it before OSHA sought the warrant *ex parte* is without merit or legal support. The OSH Act's implementing regulations not only provide that OSHA "shall take appropriate action, including compulsory process, if necessary" where the employer has refused permission to conduct a lawful inspection, but go further to state

12

that "[e]x parte inspection warrants *shall be the preferred form* of compulsory process in all circumstances where compulsory process is relied upon to seek entry to a workplace under this section." 29 C.F.R. §§ 1903.4(a) and (d) (emphasis added). Similarly, the FOM specifically provides for obtaining compulsory process in that an inspection warrant will be sought where an employer has refused OSHA entry to a workplace upon being presented proper credentials. (*See* Docket No. 1-D, FOM, Chp. 15, Section III, pp. 15-4 through 15-7). Accordingly, OSHA properly sought an *ex parte* inspection warrant after twice being refused entry to continue its inspection of the worksite with a representative of the NWOC.

## CONCLUSION

For all of the foregoing reasons stated above, the United States respectfully requests that the Court deny Nissan's motion to quash and direct and authorize the continuation of execution of the Warrant until the inspections are completed, consistent with the Warrant's requirements. Additionally, the United States requests that an additional <u>10 days</u> be provided for the time frame in which OSHA may execute the Warrant.

Respectfully submitted, this the 16th day of September, 2016.

M. PATRICIA SMITH
    Solicitor of Labor

Office of the Solicitor
U. S. Department of Labor    STANLEY E. KEEN
61 Forsyth Street, S.W.    Regional Solicitor
Room 7T10
Atlanta, GA  30303    ROLESIA B. DANCY
    Counsel

Telephone:
 (404) 302-5435    JEAN C. ABREU
 (404) 302-5438 (FAX)    Trial Attorney

Abreu.Jean.c@dol.gov    GREGORY K. DAVIS
Dancy.Rolesia@dol.gov    United States Attorney
Atl.FEDCOURT@dol.gov

    By:  */s/ Mitzi Dease Paige*
        MITZI DEASE PAIGE
        Assistant United States Attorney
        Chief, Civil Division
        501 East Court Street
        Suite 4.430
        Jackson, Mississippi 39201
        MS BAR NO. 6014
        (601) 973-2840
        Mitzi.paige@usdoj.gov


    Attorneys for the Secretary of Labor,
    United States Department of Labor.

CERTIFICATE OF SERVICE

I, MITZI DEASE PAIGE, Assistant United States Attorney, hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and sent via regular mail a copy to the following:

    Mark D. Jicka
    Watkins & Eager
    P.O. Box 650
    Jackson, MS  39205-0650

    This the   16th   day of September, 2016

                            */s/ Mitzi Dease Paige*
                            Mitzi Dease Paige
                            Assistant United States Attorney